**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**STANLEY ELLIS RAWLS** **PLAINTIFF**

**VERSUS** **CIVIL ACTION NO. 1:24-cv-00197-RPM**

**BRAND HUFFMAN, et al.** **DEFENDANTS**

**ORDER GRANTING MOTION [40] FOR SUMMARY JUDGMENT**

Plaintiff Stanley Ellis Rawls, proceeding *pro se* and *in forma pauperis*, filed this civil action under 42 U.S.C. § 1983 on June 27, 2024. At the time, Plaintiff was an inmate housed at the South Mississippi Correctional Institution in Leakesville, Mississippi. [1] at 1. He is now housed at the Wilkinson County Correctional Facility in Woodville, Mississippi. [11] at 1. Twelve Defendants remain:[1] (1) Superintendent Brand Huffman, (2) Deputy Warden Starky Hicks, (3) Capt. Sundie Loper, (4) Major Vanessa Robinson, (5) Major Sheniece Evans, (6) Major Shetica Lockheart, (7) Warden Joseph Canale, (8) Lucy Martin, (9) Commissioner Burl Cain, (10) Unknown Nurse Woman, (11) Employee Disciplinary Officer Mable Smith, and (12) Director of Administrative Remedy Program Joseph Cooley. Plaintiff's claims were clarified at an Omnibus Hearing on March 7, 2025.[2]

On July 1, 2026, Huffman, Hicks, Loper, Robinson, Evans, Lockheart, Canale, Martin, Cain, Smith, and Cooley ("the moving Defendants") filed a Motion [40] for Summary Judgment. Plaintiff has filed no response. For the following reasons, the moving Defendants' Motion [40] for

---

[1] Plaintiff also sued Nurse Practitioner Kimberly Gurley, but his claims against her were dismissed without prejudice for failure to exhaust administrative remedies on February 26, 2026. [38] at 1-11.

[2] *See Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985) (authorizing the magistrate judge to "hold an evidentiary hearing" to allow a *pro se* plaintiff to provide a "more definite statement"), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324 n.3 (1989).

Summary Judgment will be granted, and Plaintiff's claims against them will be dismissed with prejudice. Plaintiff's claims against Unknown Nurse Woman will be dismissed without prejudice.

## I. BACKGROUND

Plaintiff complains about the conditions of his confinement at SMCI, which arose at the hands of the moving Defendants. Allegedly, Plaintiff reported the following issues to Commissioner Cain, who did not respond to his correspondence. [8] at 2. Plaintiff also reported these issues to high-ranking custodians at SMCI, including Huffman, Canale, Cooley, and Smith, who failed to investigate and respond to his administrative grievances. [1-1] at 1, 4; [37] at 41, 46.

To start, Plaintiff blames Robinson, Hicks, and Lockheart for wrongfully or falsely issuing him Rule Violation Reports ("RVRs"). Plaintiff testified that Robinson issued him RVRs for lying about his name and for being in an unauthorized area. [37] at 22. Plaintiff claims that he did not receive a hearing on these RVRs, but he was nonetheless punished with a 30-day loss of privileges. *Id*. at 23. Plaintiff also asserts that Robinson "threatened" him, but nothing "ever happen[ed] to [him]" because of those threats. *Id*. at 24-25. Next, Plaintiff claims that Hicks "wrote [him] a[n] RVR after finding homemade brew on the opposite side of the zone," though none was found in Plaintiff's "rack." [1-1] at 1. Because of this RVR, Plaintiff suffered a 60-day loss of "good time" and privileges. [37] at 37. And Plaintiff claims that Lockheart wrongfully issued him an RVR for having commissary in the recreation yard. *Id*. at 33-34. As a result of that RVR, Plaintiff was punished with a change in his custodial classification for 30 days. *Id*. at 34.

Apart from this, Plaintiff testified that Loper denied him access to prophylactic diabetic care. [37] at 37. Specifically, Loper once denied Plaintiff a chance to have his blood-sugar levels tested in the medical clinic. *Id*. at 37-39. Plaintiff testified that he had no history of diabetes during

his time at SMCI, and he did not submit a sick-call request on the day in question. *Id*. at 38-40. Next, Plaintiff complains that Martin, who is the "food service manager," denied his request for "no salt," "low sodium" tray. [1-1] at 3. Plaintiff allegedly showed Martin his "diet order . . . for less starch, no fat, low salt, [and] . . . no cholesterol," but Martin "wouldn't honor it." [37] at 42-43. Plaintiff has not identified an injury arising from this denial. *Id*. at 44.

Finally, Plaintiff avers that he once "had a[n] argument with Major Evans," who threatened to have someone "handle [him]." [1] at 5. Later that day, Plaintiff was "assaulted by [a] gang member," and he believes that Evans instigated the attack. *Id*.; *see also* [1-2] at 1; [37] at 30. Plaintiff testified that "nobody told [him]" Evans instigated the attack, but he inferred that she did because she was friendly with gang members at SMCI. [37] at 30-31.

Plaintiff seeks $140,000.00 in monetary damages and to be moved from SMCI. [1] at 5.

## II. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (quotation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quotation omitted). "On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *E.E.O.C. v. WC&M Enters., Inc.*, 496 F.3d 393, 397 (5th Cir. 2007). "In reviewing the evidence, the court must therefore refrain from making credibility determinations or weighing the evidence." *Id*. at

397-98 (quotation omitted).

"Summary judgment is proper if the movant demonstrates that there is an absence of genuine issues of material fact." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). "The movant accomplishes this by informing the court of the basis for its motion, and by identifying portions of the record which highlight the absence of genuine factual issues." *Id.* "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges its initial burden of demonstrating entitlement to summary judgment." *Mack v. Waffle House, Inc.*, No. 1:06-cv-00559-RHW, 2007 WL 1153116, at *1 (S.D. Miss. Apr. 18, 2007) (quotation and brackets omitted). "[O]nce a properly supported motion for summary judgment is presented, the nonmoving party must rebut with significant probative evidence." *Id.* (quotation omitted).

## III. DISCUSSION

### A. Plaintiff has failed to state a constitutional claim against the moving Defendants.

The moving Defendants argue that they are entitled to judgment as a matter of law based on sovereign and qualified immunity. [41] at 4-16. "Because Plaintiff has not made any cognizable constitutional claims, the Court does not need to address whether any of the Defendants are entitled to sovereign or qualified immunity." *Hubbard v. Denmark*, No. 1:13-cv-00498-KS-MTP, 2014 WL 4384328, at *5 (S.D. Miss. Sept. 3, 2014); *see also Parker v. Hatten*, No. 1:13-cv-00525-MTP, 2016 WL 482940, at *4 n.8 (S.D. Miss. Feb. 5, 2016). Each Defendant or related group of Defendants is addressed separately below.

#### i. *Cain*

Plaintiff sued Cain because he is "in charge of the prison system," and his subordinates

"haven't been doing their job[s]." [37] at 47-48. "Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). A supervisor is only liable under § 1983 "if there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id.* at 304. But Plaintiff does not allege that Cain was personally involved in any condition about which he now complains. Nor does he allege that Cain implemented any policies or practices that caused the alleged constitutional violations. *E.g.*, *Winding v. Sanders*, No. 5:12-cv-00088-DCB-JMR, 2013 WL 838131, at *3 (S.D. Miss. Mar. 6, 2013); *Dupuis v. Caskey*, No. 4:08-cv-00063-LRA, 2009 WL 3156527, at *7 (S.D. Miss. Sept. 28, 2009).

At most, Plaintiff claims that Cain failed to answer his letters about the conditions of confinement at SMCI. [8] at 2. "The fact Plaintiff wrote letters to [Cain] . . . which were not returned does not demonstrate personal involvement by [Cain] in any alleged constitutional violations." *See Ray v. Wilson*, No. 5:16-cv-00115, 2017 WL 9806929, at *4 (E.D. Tex. Oct. 17, 2017), *report and recommendation adopted by*, 2018 WL 1870155, at *3 (E.D. Tex. Apr. 19, 2018). Regardless, Plaintiff has offered no summary-judgment proof that Cain even received his letters, and he testified that he had "[n]ever had a conversation with" Cain by the time of the Omnibus Hearing. [37] at 48. Plaintiff has failed to state a constitutional violation against Cain.

**ii. *Huffman, Canale, Cooley, and Smith***

Plaintiff argues that Huffman, Canale, Cooley, and Smith failed to investigate and respond to his administrative grievances. [1-1] at 1, 4; [37] at 41, 46. But "a prisoner does not have a constitutional right to a grievance procedure at all, and he has no due process liberty interest in

having his grievances resolved to his satisfaction." *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011). An alleged failure "to follow required grievance procedures does not present a constitutional claim." *Bryant v. Smith*, 4:13-cv-00172-CWR-LRA, 2013 WL 6154606, at *2 (S.D. Miss. Nov. 22, 2013); *see also Dehghani v. Vogelgesang*, 226 F. App'x 404, 406 (5th Cir. 2007) (holding that a warden's failure to investigate a prisoner's administrative grievance does not amount to a constitutional violation). Thus, "Plaintiff's claims premised on Defendants' alleged failure to properly investigate and timely respond to grievances are indisputably meritless." *See Rucker v. Hall*, No. 1:19-cv-00901-RHWR, 2022 WL 1207151, at *4 (S.D. Miss. Apr. 22, 2022). Plaintiff has failed to state a constitutional violation against Huffman, Canale, Cooley, and Smith.

**iii. *Robinson, Hicks, and Lockheart***

Plaintiff claims that Robinson, Hicks, and Lockheart wrongfully or falsely issued him RVRs, causing the loss of certain privileges and a change in his custodial classification. [37] at 22-25, 33, 37. "Federal courts do not second-guess the findings and determinations of prison disciplinary committees," nor does the Constitution "demand error-free decision making." *Hoye v. Nelson*, No. 4:07-cv-00044-M-B, 2007 WL 1321964, at *1 (N.D. Miss. May 3, 2007) (quotations omitted). "[A] bare claim that a disciplinary charge was false fails to state a claim upon which relief may be granted." *Birdo v. Abbott*, No. 2:24-cv-020-Z-BR, 2025 WL 2680086, at *4 (N.D. Tex. Sept. 19, 2025).

Even if Plaintiff's RVRs were falsely issued, he has failed to establish that his right to procedural due process was violated. "To invoke the protections of the due process clause, . . . [P]laintiff must have a protected liberty interest at stake." *Boyd v. Epps*, No. 4:06-cv-00034-TSL-JCS, 2006 WL 1547360, at *2 (S.D. Miss. June 5, 2006). To show that a protected liberty interest

is implicated, "Plaintiff must show that the RVR either (1) affected or 'will inevitably affect the duration of his sentence' or (2) imposed an 'atypical and significant hardship on [him] in relation to the ordinary incidents of prison life.'" *Wedgeworth v. Miss.*, No. 3:17-cv-00730-CWR-FKB, 2018 WL 1463496, at *6 (S.D. Miss. Mar. 23, 2018) (quoting *Sandlin v. Conner*, 515 U.S. 472, 484, 487 (1995)).

"[T]he Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). "Accordingly, restrictions or loss of an inmate's institutional privileges, as well as changes in custodial status, do not provide a basis for a constitutional claim." *Howard v. Epps*, No. 2:09-cv-00152-KS-MTP, 2010 WL 2925375, at *5 (S.D. Miss. Mar. 12, 2010), *report and recommendation adopted by*, 2010 WL 2925371, at *2 (S.D. Miss. July 20, 2010); *see also Wilson v. GEO Grp., Inc.*, No. 4:08-cv-00067-HTW-LRA, 2008 WL 2724889, at *1 (S.D. Miss. July 10, 2008) ("The classification of Plaintiff in a certain level of custody and the loss of prison privileges are not an atypical and significant hardship of prison life." (quotation omitted)). For these RVRs, Plaintiff suffered exactly that—a temporary loss of privileges and a change in his custodial classification. [37] at 23, 34, 37. Plaintiff has failed to state a constitutional violation against Robinson and Lockheart, even if Robinson once "threatened" him. [37] at 24; *see also Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) ("As a rule, mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation." (quotation and brackets omitted)).

For Hicks' RVR, Plaintiff also suffered a 60-day loss of "good time," [37] at 37, which

might[3] implicate a protected liberty interest, *Brown v. Mosley*, No. 3:16-cv-00262-CWR-LRA, 2019 WL 2617828, at *2 (S.D. Miss. Apr. 30, 2019), *report and recommendation adopted by*, 2019 WL 2617245, at *1 (S.D. Miss. June 26, 2019). Yet Plaintiff's claim against Hicks is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), regardless of whatever process he received. "A Section 1983 claim that challenges the fact or duration of a state conviction or sentence is barred (absent prior invalidation) if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Burse v. Patton*, No. 2:12-cv-00096-KS-MTP, 2012 WL 2791553, at *1 (S.D. Miss. July 9, 2012) (quotation and ellipsis omitted). In that case, a § 1983 plaintiff must prove that his conviction or sentence has been reversed, expunged, declared invalid or otherwise called into question. *Id*. "A conviction, for purposes of *Heck*, includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good-time credits." *Id*. (quotations omitted).

Assuming the RVR issued by Hicks was false or procedurally defective necessarily implies the invalidity of Plaintiff's conviction for that offense. "Therefore, [Plaintiff] may only proceed [against Hicks] if he proves the conviction has already been invalidated." *See id*. But Plaintiff testified at the Omnibus Hearing that he appealed the disciplinary conviction on this RVR, and that appeal was "denied." [37] at 36. No other evidence suggests that his disciplinary conviction has since been reversed, expunged, declared invalid, or otherwise called into question. Because the disciplinary conviction still stands, Plaintiff "is precluded by *Heck* from challenging it in this

---

[3] The Court cannot reach a more definitive conclusion on this point, as the record contains no evidence about the consequence of the loss of good time. If the loss of good time did not affect the duration of Plaintiff's sentence, no procedural safeguards were necessary. If the loss of good time *did* affect the duration of Plaintiff's sentence, he would have been entitled to "the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." *See Brown*, 2019 WL 2617828, at *2.

Section 1983 civil action at this time." *See Burse*, 2012 WL 2791553, at *2; *see also Anderson v. Booker*, No. 99-60669, 2000 WL 821411, at *1 (5th Cir. May 30, 2000); *Birdo*, 2025 WL 2680086, at *4. Plaintiff has failed to state a constitutional violation against Hicks too.[4]

**iv. *Loper***

"The denial or delay of treatment for serious medical needs violates the Eighth Amendment, which prohibits cruel and unusual punishment." *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006). "To show a violation of the Eighth Amendment, the plaintiff must prove: (1) objective exposure to a substantial risk of serious harm; and (2) that prison officials acted or failed to act with deliberate indifference to that risk." *Carlucci*, 894 F.3d at 538 (quotation omitted).

Deliberate indifference "equates to the 'unnecessary and wanton infliction of pain,'" *id.* (quoting *Gregg v. Ga.*, 428 U.S. 153, 173 (1976)), and "is an extremely high standard to meet," *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). To meet this standard, a plaintiff must show that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* (quotation omitted). "[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur Cnty., Tex.*, 245 F.3d 447, 459 (5th Cir. 2001).

---

[4] Plaintiff's claim against Hicks will be dismissed with prejudice until the *Heck* conditions are met. *See Burse*, 2012 WL 2791553, at *2 (citing *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)).

Plaintiff argues that Loper once refused to allow him to have his blood-sugar checked, though he had no history of diabetes and did not submit a sick-call on the day in question. [37] at 37-40. Plaintiff's claim against Loper fails for many reasons—including that he admits to receiving ongoing medical care at SMCI, including routine clinical visits and multiple prescriptions. [37] at 12-21. "Deliberate indifference is especially hard to show when the inmate was provided with ongoing medical treatment." *Fails v. DeShields*, 349 F. App'x 973, 976 (5th Cir. 2009). Plaintiff's insistence that he needed a "blood test," [37] at 13, during his time at SMCI merely represents a disagreement with his course of care, which is not actionable under the Eighth Amendment. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Plaintiff has failed to state a constitutional violation against Loper.

**v. *Martin***

Plaintiff claims that Martin failed to honor his "diet order . . . for less starch, no fat, low salt, [and] . . . no cholesterol." [37] at 42. When asked what damages he suffered because of this denial, Plaintiff responded: "I should get everything that was required to me." *Id*. at 44.

Under the Prison Litigation Reform Act, "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). This statutory provision "prevents prisoners from seeking compensatory damages for violations of federal law where no physical injury is alleged." *Mayfield v. Tex. Dep't of Crim. Justice*, 529 F.3d 599, 605 (5th Cir. 2008). Though Plaintiff was diagnosed with diabetes after his stint at SMCI, he provided no summary-judgment evidence to connect that condition with Martin's refusal to provide a diet tray. Therefore, "Plaintiff's claim for

compensatory damages [against Martin] is barred by the physical injury requirement of the . . . PLRA." *See, e.g.*, *Smith v. Washington*, No. 3:19-cv-00826-LGI, 2022 WL 1055436, at *5 (S.D. Miss. Mar. 11, 2022); *Butalla v. Epps*, No. 4:08-cv-00051-LRA, 2010 WL 3724544, at *7 (S.D. Miss. Sept. 16, 2010) (rejecting claim for compensatory damages where the plaintiff alleged "no physical injuries of any kind"). Since Plaintiff's claim for compensatory damages is the only requested relief remaining,[5] he has failed to state a constitutional claim against Martin.

**vi. *Evans***

Finally, Plaintiff claims that Evans threatened to have someone "handle [him]." [1] at 5. Because he was subsequently assaulted by another inmate, Plaintiff believes that Evans made good on her promise. [37] at 30-31. Again, though, "threatening language" does not amount to a constitutional violation. *Bender*, 1 F.3d at 274 n.4 (quotation omitted). Nor will mere speculation support a cause of action under § 1983. *See, e.g.*, *Hoffman v. Stulga*, 464 F. App'x 229, 232 (5th Cir. 2011); *see Breland v. Forrest Cnty. Sheriff's Dep't*, No. 2:10-cv-00303-KS-MTP, 2013 WL 1623997, at *2 (S.D. Miss. Apr. 15, 2013) ("A § 1983 complainant must set forth specific facts showing a constitutional violation, as opposed to [conclusory] or speculative allegations of wrongdoing."). When asked at the Omnibus Hearing, Plaintiff could provide no proof that Evans orchestrated an attack against him:

> THE COURT: . . . [D]id anybody hear Major Evans threaten you? Do you have any witnesses?
>
> THE PLAINTIFF: Shoot, man. Them guys ain't -- they ain't going to go against the gang members, man.

[5] Plaintiff also asked to be moved from SMCI, [1] at 5, but that request was "rendered moot upon [his] . . . transfer from the facility," *Smith v. City of Tupelo, Miss.*, 281 F. App'x 279, 282 (5th Cir. 2008). Though nominal and punitive damages may be asserted under the PLRA absent a physical injury, *Stauffer v. Gearhart*, 741 F.3d 574, 583 n.7 (5th Cir. 2014), Plaintiff has made no such request. The Court simply cannot grant the only requested relief on the facts alleged.

> . . .
>
> THE COURT: Did anybody ever tell you the reason you got in a fight with RD was because of Major Evans, that she put him on you?
>
> THE PLAINTIFF: No, I mean, ain't nobody told me that.
>
> . . .
>
> THE COURT: . . . I heard you use the word 'believe.' I believe that Major Evans, I guess, put up RD to getting in a fight with you, right?
>
> THE PLAINTIFF: Right.
>
> THE COURT: And so when you say 'believe,' and listen carefully, that means you think? You're not certain, but that's what you think? And you're entitled to your thoughts.
>
> THE PLAINTIFF: Right.

[37] at 30-31. Without more, Plaintiff has failed to state a constitutional claim against Evans.

**B. Plaintiff has failed to identify Unknown Nurse Woman.**

Only Unknown Nurse Woman remains. On October 10, 2024, Plaintiff was warned that "[i]t is [his] responsibility to prosecute this case, including identifying Unknown Nurse Woman so that she may be served with process." [6] at 2. "Plaintiff [was] directed to file a motion once he learns Unknown Nurse Woman's identity so that she may be served with process as soon as practicable." *Id*. Since then, Plaintiff has not identified Unknown Nurse Woman in his correspondence with the Court.

The Court may dismiss an action for a plaintiff's failure to obey the Court's orders under Federal Rule of Civil Procedure 41(b) and its inherent authority to manage its own affairs. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This case has been pending for more than two years, and Plaintiff has been

warned multiple times that it may be dismissed for his failure to obey the Court's Orders. *E.g.*, [1-8] at 1; [3] at 2; [5] at 2; [6] at 3, *et seq*. Yet Plaintiff has failed to identify Unknown Nurse Woman, despite being warned that it was his responsibility to do so. [6] at 2. The Court has given Plaintiff the benefit of more than a year beyond that warning, and Plaintiff has still not identified the unnamed Defendant. Plaintiff's inaction represents a lack of interest in pursuing his claims against Unknown Nurse Woman, which the Court interprets as his desire to abandon those claims altogether. *See Jordan v. Doe*, No. 1:23-cv-00190-BWR, 2025 WL 1928749, at *2 (S.D. Miss. July 14, 2025) (dismissing a case for the plaintiff's failure to identify the last-standing John Doe defendant).

As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (quotation omitted); *see also Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982) (finding that "explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket"). Under these circumstances, dismissal without prejudice of Plaintiff's claims against Unknown Nurse Woman is warranted.

## IV. CONCLUSION

The Court has considered all arguments presented. Any not specifically addressed would not have changed the outcome.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the moving Defendants' Motion [40] for Summary Judgment is **GRANTED**. Plaintiff Stanley Ellis Rawls' claims against them are **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's claims against Defendant Unknown Nurse Woman are **DISMISSED WITHOUT PREJUDICE**.

A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED,** this 25th day of August, 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE